Filed 8/6/25  P. v. Boyd-Malone CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084275 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD288456) |
| LUZ BOYD-MALONE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed as modified.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

Luz Boyd-Malone pled guilty to crimes arising from a real estate fraud scheme.  After her court-appointed counsel filed a brief raising no issues and

seeking review pursuant to *People v. Wende* (1979) 25 Cal.3d 436,[1] we requested briefing on whether: (1) the trial court abused its discretion in imposing probation conditions related to mental health and substance abuse treatment, and (2) the court improperly delegated judicial authority to the probation department by ordering Boyd-Malone to complete counseling or substance abuse programs, assessments, or treatments "if directed" by her probation officer.

We conclude that all but one of the challenged probation conditions—the anti-theft counseling requirement—do not satisfy the reasonableness requirement set forth in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) and must be stricken. We need not and do not address whether the court improperly delegated its judicial authority as to those conditions. We further conclude that the court's imposition of the anti-theft counseling requirement was not an improper delegation of its authority because the condition is sufficiently narrow. Accordingly, we strike all the challenged conditions except for the anti-theft counseling condition and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, Boyd-Malone engaged in several real estate transactions in which she misappropriated deposits from potential tenants, took wrongful possession of multiple properties, or filed fraudulent documents using other people's names and identities. She had over 10 victims, including a mother of three children who was forced to take cash advances in order to secure another residence when her rental arrangement with Boyd-Malone never materialized.

---

[1] Boyd-Malone was informed of her right to file a supplemental brief and did not do so.

Boyd-Malone pled guilty in 2024 to three out of 22 counts arising from the real estate scheme: filing a false instrument (Pen. Code,[2] § 115, subd. (a); count 7), grand theft of personal property (§ 487, subd. (a); count 10), and using the personal identifying information of another (§ 530.5, subd. (a); count 17).  She also admitted to an aggravated white collar crime enhancement as to all three counts and admitted as an aggravating factor that her crimes involved planning, sophistication, and professionalism.  Pursuant to her plea agreement, Boyd-Malone paid $15,000 in restitution to the victims, the court placed Boyd-Malone on formal probation for two years, and she was ordered to serve 180 days of work furlough.

At her sentencing hearing, Boyd-Malone's counsel objected to portions of the probation department's recommended conditions, including requirements that Boyd-Malone: (1) participate in treatment, therapy, counseling, or other course of conduct as suggested by "validated assessment tests" (item 7b); (2) provide written authorization for the probation officer to receive "progress and compliance reports from any medical/mental health care provider, or other treatment provider rendering treatment/services per court order" under the terms of the probation order (item 7c); and (3) attend and successfully complete individual, group, and cognitive behavior counseling programs approved by probation "if directed" by the probation officer, with "all costs to be borne by defendant" (item 7d).  Her attorney argued that the court should strike those probation conditions because Boyd-Malone had no diagnosed mental health issues and was not in treatment of any kind.

Her counsel also objected to conditions requiring her to: (1) not knowingly use or possess any controlled substance without a valid

_____

[2]	Undesignated statutory references are to the Penal Code.

3

prescription and submit a valid sample for testing for substances when required (item 9c); (2) participate in a substance use "level of care assessment" within seven business days if directed by probation (item 14a); (3) enroll in and adhere to substance use treatment and recovery services, as clinically indicated if directed by probation (item 14b); and refrain from using marijuana at all if directed by probation. He argued that the court should strike those conditions because Boyd-Malone had no history of drug abuse.

The court ruled that it would impose both the substance abuse and mental health-related conditions listed above because it could not "imagine what got into [Boyd-Malone] to do this level of fraud to this many people knowing you were hanging them out to dry." The court also noted that it was "not sure anything else was involved besides [Boyd-Malone's] incredibly horrible judgment; but in case there was," the court wanted to "give probation the tools to be able to redirect [her] and give [her] services if mental health is involved, and it may have been, or drugs and alcohol." When asked by defense counsel to again state its reasoning, the court emphasized the vulnerability of the victims and the repetitive nature of the offenses, but also noted that the court did not "see a prior record" and did not "know if there was some mental illness that contributed" to the offense. The court explained that information might arise during the probationary period that indicates Boyd-Malone is suffering from "some mental health illness," or a search could "uncover something or a drug issue[,]" and that the court "want[ed] probation to have the tools" to address those issues. The court struck item 14c, which prohibits marijuana use, because there was "no information that marijuana had anything to do" with the offense.

4

The court's final probation order added "Anti-Theft-IF" to the categories of counseling programs under item 7d that Boyd-Malone would have to attend and successfully complete "if directed" by probation.

DISCUSSION

Boyd-Malone argues that the trial court erred in imposing the probation conditions in items 7b, 7c, and 7d related to mental health, and items 14a and 14b dealing with substance abuse treatment, because: (1) the conditions are not reasonably related to Boyd-Malone's crimes of conviction or to future criminality under *Lent*, and (2) the court improperly delegated judicial authority to the probation department in granting probation discretion over whether and how to seek compliance with those conditions. We conclude that all the challenged conditions, except for the anti-theft counseling condition, are invalid under *Lent*. We further conclude that imposing the anti-theft counseling condition, which was proper under *Lent*, was not an improper delegation of judicial authority.

I

A court has broad discretion to impose "reasonable [probation] conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, . . . and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) Because the probation conditions at issue do not restrict Boyd-Malone's constitutional rights, we review the court's imposition of the conditions for abuse of discretion. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) Meaningful review of the court's discretion requires more than speculation, and "[e]ven deferential review must be anchored in the record

made by the [trial] court." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1124 (*Ricardo*).)

A condition of probation will not be upheld if it (1) has no relationship to the crime of which the defendant was convicted, (2) relates to conduct that is not criminal, and (3) requires or forbids conduct that is not reasonably related to future criminality. (*People v. Olguin* (2008) 45 Cal.4th 375, 379–379 (*Olguin*); see *Lent, supra*, 15 Cal.3d at p. 486.) This "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin*, at p. 379.)

We begin by rejecting the People's argument that Boyd-Malone's *Lent* arguments are not ripe because the probation conditions "have yet to be imposed." The conditions are incorporated into the trial court's final order granting formal probation, which was filed on June 13, 2024. The People's own brief acknowledges that the court "imposed conditions of counseling" and "imposed various terms and conditions" of probation. Moreover, the fact that probation has not acted on the imposed conditions does not make our opinion on their propriety purely advisory as the People contend. If we determine that any of the challenged conditions are invalid, then Boyd-Malone would be relieved of her obligation to comply with those conditions if directed to do so by probation. Otherwise, she would be required to comply with any such direction under the existing probation order. The fact that Boyd-Malone could also challenge a particular direction in superior court after being asked to comply with it does not make her appellate challenge to the probation conditions themselves unripe because these conditions have already been imposed as part of the final judicial order granting probation.

Turning to the merits, the People contend that the counseling and substance abuse conditions are "reasonably related" to Boyd-Malone's crime

6

under the first *Lent* prong.  We only find their argument persuasive as to the anti-theft counseling condition.  Boyd-Malone pled guilty to theft-related offenses, including grand theft of personal property (§ 487, subd. (a)).  The probation report details how Boyd-Malone took large sums of money from multiple victims.  Given Boyd-Malone's admissions and the nature of her convictions, we cannot conclude that the court acted arbitrarily by requiring that she participate in anti-theft therapy if directed by probation.

There is no evidence in the record, however, connecting Boyd-Malone's offenses to the unspecified broader, generic counseling conditions requiring her to complete "individual," "group," and "cognitive behavior" programs unrelated to anti-theft therapy if probation directs.  Nor is there evidence to support that substance abuse had anything to do with Boyd-Malone's conviction offenses, or any other prior offenses given her lack of criminal history.  Instead, the probation report reflects that Boyd-Malone did not struggle with any psychological or substance abuse issues.  The report states that she was not taking any medication at the time of her probation interview, she denied any drug or alcohol addiction, and she denied any history of substance abuse treatment.  She reported that she only drinks alcohol a few times a year, last used marijuana 15 years ago, and has never used cocaine, heroin, or other substances.

The court itself acknowledged at the sentencing hearing that it was "not sure anything else was involved besides [Boyd-Malone's] incredibly horrible judgment" and that it was imposing mental health and substance abuse conditions only "in case" it later turns out something "else" was a factor in the offenses.  But a court is not permitted to impose probation conditions based on speculation, or in this case, an abstract hypothesis that only someone with mental health or substance abuse issues would commit these

7

offenses. (Cf. *Ricardo, supra*, 7 Cal.5th at pp. 1119–1120 [expressing skepticism about juvenile court's inference that defendant was using drugs at the time he committed the burglaries based on defendants' statements to probation that he "wasn't thinking" and that marijuana "did not allow him to think clearly"].) If we deemed a defendant's poor judgment in committing an offense to be sufficient on its own to sustain the probation conditions at issue, "it is difficult to conceive of any case in which a comparable condition could not be imposed[.]" (*Id.* at p. 1123.) Because the record here is devoid of any basis for determining that mental health or substance abuse played a role in Boyd-Malone's offenses, we conclude that the first prong of the *Lent* test is satisfied.[3]

The People do not dispute that Boyd-Malone can meet the second prong of the *Lent* test, as the challenged probation conditions relate to conduct which is not itself criminal. (*Lent, supra*, 15 Cal.3d at p. 486.) The People contend, however, that the mental health and substance abuse conditions are reasonably related to deterring future criminality. (*Ibid.*) We again disagree as to all the challenged conditions except for the conditional anti-theft counseling requirement.

*Lent's* third prong "requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Ricardo, supra*, 7 Cal.5th at p. 1121.) The first and third prongs are related because without any showing that mental instability or

---

3    We in no way mean to undervalue the importance of validated assessments in determining appropriate conditions of probation. (See generally Cal. Stds. Jud. Admin., § 4.35.) But where there is no evidentiary basis to believe defendants have any particular problem or issue—and merely unsupported speculation that they might—the assessment should be conducted before the condition is imposed. (See Pen. Code, § 1203.03 [authorizing diagnostic evaluation before sentencing].)

drug use played a role in Boyd-Malone's underlying offenses, it is unclear how psychiatric care or substance abuse treatment are reasonably related to future criminality. (See *ibid*.) As noted, the court's perception of how mental health and substance abuse may factor into Boyd-Malone's future criminality was based on speculation.

Moreover, while " 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation]" the Supreme Court has recognized that *Lent* "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo, supra*, 7 Cal.5th at p. 1122.) Such proportionality is lacking here. As noted, nothing in the record suggests that Boyd-Malone ever suffered from a mental health condition or any substance abuse issues, in connection with a crime or otherwise. And yet, relying on inferences about Boyd-Malone's bad judgment, the court imposed several requirements that meant she could be forced to attend and "successfully" complete any number of individual, group, and cognitive behavioral programs, all at her own cost. She could also be required to participate in "substance use level of care assessment[s]" or enroll in "substance use treatment & recovery services, as clinically indicated," with no apparent restrictions on the length and nature of those services. Although these are conditional restrictions subject to probation's direction, even the potential burden they place on Boyd-Malone is disproportionate to any legitimate interests served by the conditions given the absence of tangible evidence showing the restrictions are reasonably related to future criminality.

The People point to the court's explanation that the challenged conditions are necessary "tools" to give probation "some latitude in how to

9

properly supervise" Boyd-Malone. But the Supreme Court rejected such a broad interpretation of *Lent's* third prong in *Ricardo*. The court explained that if any condition that facilitated supervision of probationers was automatically deemed "reasonably related to future criminality," then even disproportionately intrusive or burdensome conditions would be permissible if they assisted an officer in supervising compliance. (*Ricardo, supra*, 7 Cal.5th at p. 1125.) The court made clear in *Ricardo* that "categorically permit[ting] any probation conditions reasonably related to enhancing the effective supervision of a probationer" would "effectively eliminate the reasonableness requirement in *Lent's* third prong, for almost any condition can be described as 'enhancing the effective supervision of a probationer.'" (*Id.* at p. 1127.)

For these reasons, we conclude that the order granting formal probation must be modified to: (1) strike items 7b, 7c, 14a, and 14b; and (2) revise item 7d to delete the reference to "Individual-IF," "Group-IF," and "cognitive behavior-IF" counseling programs, but to retain the reference to "Anti-Theft-IF" counseling programs.

II

Boyd-Malone also argues that the mental health and substance abuse probation conditions are improper delegations of the court's judicial authority because whether and to what extent Boyd-Malone is required to comply with them are subject to probation's direction. We need not and do not address whether the court improperly delegated its authority regarding the conditions we have determined violate *Lent*. As to the anti-theft therapy requirement under item 7d, we conclude that given its narrow scope, imposing the condition was not an improper delegation of authority.

10

"By leaving key determinations to be decided ad hoc, a vague probation condition may also result in an impermissible delegation of authority to the probation officer. Under the separation of powers doctrine, judicial powers may not be delegated to nonjudicial officers. While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*) [cleaned up].)

Here, the court determined that Boyd-Malone should be required to attend and successfully complete anti-theft counseling programs if directed by probation. The condition is sufficiently narrow in its focus to prevent covering treatment unrelated to Boyd-Malone's criminality. (Cf. *People v. Petty* (2013) 213 Cal.App.4th 1410, 1420 [improper delegation of judicial authority where "court's probation order is so broad that it could cover any form of medication, whether or not related to defendant's mental health or his criminality"].) A probation officer's discretion in directing Boyd-Malone to participate in anti-theft therapy is limited to that subject matter, and there is little room for interpretation of the nature of the requirement. Moreover, unlike in *Smith* where the Court of Appeal found that the trial court improperly gave discretion to the probation officer to decide whether the probationer had to attend a residential substance abuse program, there is no indication in this record that anti-theft counseling could require residential treatment. (See *Smith, supra*, 79 Cal.App.5th at 903.) In the absence of such indicators, we are persuaded that granting discretion to probation regarding anti-theft counseling would not burden Boyd-Malone's liberty interests in a way that only a court should. Accordingly, we conclude that imposing an

anti-theft counseling requirement "if directed" by probation was not an improper delegation of the court's authority.

DISPOSITION

We modify the June 13, 2024 order granting formal probation by striking items 7b, 7c, 14a, and 14b. We further modify the order by striking the references to "Individual-IF," "Group-IF," and "cognitive behavior-IF" counseling programs from item 7d, but we retain the reference to "Anti-Theft-IF" counseling programs in item 7d. In all other respects, the judgment is affirmed. The superior court is directed to amend Boyd-Malone's probation order accordingly.

BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.

12